ELISE CUTRER McCALLUM, as Executrix, etc., of DUNCAN McCALLUM, Deceased, Appellant, v. THE BEAU-SITE COMPANY, Respondent.

First Department, March 8, 1918.

**Practice — open commission to take depositions of witnesses.**

Where a hotel company, sued for the death of a guest killed while riding in an elevator, pleaded as a defense that the deceased was guilty of contributory negligence, and upon being ordered to give particulars thereof furnished a statement which gave little or no information to the plaintiff as to what she would be obliged to meet on the trial, and upon being asked to furnish a further bill of particulars showing in what respects the deceased negligently conducted himself and interfered with the elevator door, declared itself unable to give such further particulars, although the only eye witness was its servant, it is not entitled to an open commission to examine orally the mother and sister of the deceased to show that he was constantly intoxicated for some days before the accident, as such evidence would not aid the defendant in giving the particulars required, it having been called upon to state as to *how* the deceased interfered with the door, not as to *why* he did so.

Nor is the defendant entitled to an open commission to orally examine the father-in-law of the deceased to show that he contributed to his support, because if defendant has any information on this subject it should be able to frame written interrogatories.

Commissions to examine witnesses orally will only be granted where there are peculiar circumstances warranting such a course.

SHEARN, J., dissented, with memorandum.

APPEAL by the plaintiff, Elise Cutrer McCallum, as executrix, etc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 8th day of December, 1917,

granting defendant's motion for an open commission to take depositions of witnesses outside the State.

*Robert Kelly Prentice* of counsel [*Prentice, Townsend & Hansl,* attorneys], for the appellant.

*Walter L. Glenney* of counsel [*Bertrand L. Pettigrew,* attorney], for the respondent.

Scott, J.:

By the order appealed from the defendant has been authorized to take out a commission to examine orally certain persons resident out of the State. Although it is stated in the affidavit upon which the order was founded that the defendant intends to use the testimony upon the trial of the action, it is quite apparent that what defendant seeks the testimony for is, in part, to enable it to frame a further bill of particulars, and in part to prepare to meet, if necessary, evidence as to the earning capacity of the deceased for whose death the action has been brought.

The action is for damages resulting from the death of plaintiff's husband who was killed while riding in an elevator in an hotel owned by defendant. It is said that only the deceased and the elevator operator were in the elevator when the accident happened, and that the operator is the only living witness to the accident. The defendant has pleaded as a defense that the deceased was guilty of contributory negligence. Upon being called upon to give particulars of this alleged negligence it stated that it consisted " of so conducting himself that while in defendant's elevator after the same had started to the upper floors of the defendant's hotel, and after the inner gate of said elevator was closed, he fell against or otherwise interfered with the said inner gate, causing it to open and projected his person or some part thereof outside of the said elevator car." It is quite obvious that this statement gave little or no information to plaintiff as to what she will be obliged to meet on the trial. Being called upon to furnish a further bill of particulars showing in what particular respects the deceased negligently conducted himself and interfered with the elevator door, the defendant, although

the only eye-witness was its servant and presumably within its reach, declares itself unable to give such further particulars, and now seeks to examine the mother and sister of the deceased to show, as it says, that the deceased was constantly intoxicated for some days before the accident. It is manifest that this evidence, if elicited, would not help defendant to give the particulars required. It has been called upon to state what it claims as to *how* the deceased interfered with the door, not as to *why* he did so. The evident lack of connection between the evidence sought to be elicited and the particulars required to be given suggest a doubt as to the good faith of the application in this regard.

Another witness sought to be examined is the father-in-law of deceased, and the avowed purpose of his examination is to show that he contributed to the support of the deceased. If defendant has any information on this subject it should find no difficulty in framing written interrogatories. If it has no information, and is simply seeking to embark upon a fishing excursion, there is no reason why it should be facilitated. The rule is well established that commissions to examine witnesses orally will not be lightly granted, but only where there are peculiar circumstances warranting such a course. Otherwise the trial of the cause would resolve itself into a series of partial trials in different jurisdictions.

We find no special circumstances warranting the issuance of such a commission in the present case. At least before it is resorted to the defendant should be required to make a sincere effort to obtain the evidence, if material, by the customary methods.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH and DAVIS, JJ., concurred; SHEARN, J., dissented.

SHEARN, J. (dissenting):

Whether a commission to take testimony shall be upon written or oral interrogatories is so peculiarly a matter of discretion that I can see no warrant in reversing the order made at Special Term. There is no claim of abuse of discretion, and could not be very well where the terms imposed require the

payment of the expenses of plaintiff's counsel in attending, and, in addition, a counsel fee of fifty dollars a day during the hearings.   The witnesses sought to be examined are hostile to the defendant.   Experience has so often demonstrated the futility of attempting to examine adverse witnesses on written interrogatories that the denial of an oral examination in such a case as this, as it seems to me, tends to hide the truth and place the defendant in a position of unfair and unmerited disadvantage.

I, therefore, dissent and vote to affirm the order of the Special Term.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.